IN THE UNITED STATES DISTRICT COURT

                          FOR THE DISTRICT OF OREGON

MICHAEL DEMOE,
                                            Civil No. 06-499-MO
            Petitioner,

      v.

DON MILLS,
                                            OPINION AND ORDER
            Respondent.

      Kristina Hellman
      Assistant Federal Public Defender
      101 S.W. Main Street, Suite 1700
      Portland, Oregon 97204

            Attorney for Petitioner

      John R. Kroger
      Attorney General
      Lester R. Huntsinger
      Senior Assistant Attorney General
      Department of Justice
      1162 Court Street NE
      Salem, Oregon 97310

            Attorneys for Respondent

///

      1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his underlying state court convictions for Sodomy and Sexual Abuse. For the reasons that follow, the Second Amended Petition for Writ of Habeas Corpus (#46) is denied.

## BACKGROUND

Beginning in 2000, petitioner sexually abused two of his friend's daughters when he was entrusted with babysitting them. As a result, the Yamhill County Grand Jury indicted petitioner on four counts of Sodomy in the First Degree and four counts of Sexual Abuse in the First Degree. Respondent's Exhibit 102. A jury unanimously convicted petitioner on all charges, and he was sentenced to 337 months in prison. Respondent's Exhibit 101.

Petitioner took a direct appeal, but the Oregon Court of Appeals granted the State's motion seeking summary affirmance, and the Oregon Supreme Court denied review. Respondent's Exhibits 107, 109.

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief on all of his claims. Respondent's Exhibits 117, 118. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Demoe v. Blacketter*, 197 Or. App. 494, 108 P.3d 118, *rev. denied*, 338 Or. 488, 113 P.3d 434.

2 - OPINION AND ORDER

On October 5, 2009, petitioner filed his Second Amended Petition for Writ of Habeas Corpus in which he raises five grounds for relief containing a total of 16 claims. Petitioner generally alleges that: (1) trial counsel failed to investigate and call essential witnesses to support his innocence; (2) the prosecutor and one witness vouched for the credibility of the victims; (3) scientific evidence was introduced without first establishing a proper foundation; and (4) petitioner's sentence is unconstitutional under a retroactive application of *Blakely v. Washington*.[1] Respondent asks the court to deny relief on the Second Amended Petition on the basis that many of the claims are not argued in petitioner's supporting memorandum, virtually all of the claims are procedurally defaulted, and any fairly presented claims lack merit.[2]

## DISCUSSION

### I. Expansion of the Record

As an initial matter, petitioner seeks to expand the record with a sealed exhibit to support a claim of ineffective assistance of counsel based on trial counsel's alleged failure to perform an

---

[1] Petitioner's claims pertaining to vouching and scientific evidence each give rise to three constitutional claims based on due process, ineffective of trial counsel for failure to object, and ineffective assistance of appellate counsel for failure to raise the issues on direct appeal.

[2] Respondent also argues that one of the claims in the Second Amended Petition is untimely. Because the claim is defaulted, and the default is not excused, the court need not examine whether it relates back to the First Amended Petition.

3 - OPINION AND ORDER

adequate investigation. Petitioner's Exhibit 1 was introduced as a State's exhibit during the criminal trial, but was not offered during the PCR trial to support petitioner's claim of ineffective assistance of counsel.

Where, as here, a petitioner wishes to introduce new evidence to support a claim in the absence of an evidentiary hearing, the evidentiary hearing requirements of 28 U.S.C. § 2254(e)(2) nevertheless apply. *Holland v. Jackson*, 124 S.Ct. 2736, 2738 (2004); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241-42 (9th Cir. 2005). Accordingly, if petitioner has failed to develop his claim in the state courts, he may only supplement the record if his claim relies on: 1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or 2) a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A)(i) and (ii). He must also demonstrate that the facts underlying the claim are sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the underlying offense. 28 U.S.C. § 2254(e)(2)(B).

As noted above, Petitioner's Exhibit 1 was produced during petitioner's criminal trial. Consequently, the Exhibit was available well before petitioner filed his PCR Petition, thus it could have been presented to that court for consideration. As petitioner

4 - OPINION AND ORDER

failed to exercise diligence by introducing this evidence during his PCR trial, and because he cannot meet the stringent requirements of § 2254(e)(2), he is not entitled to expand the record. Accordingly, the court will not consider Petitioner's Exhibit 1 in adjudicating his ineffective assistance of appellate counsel claims. *See Holland*, 542 U.S. at 652 ("whether a state court's decision was unreasonable must be assessed in light of the record the court had before it.").

## II. Overlength Brief

Petitioner's Memorandum in Support of Second Amended Petition (#42) is 48 pages in length, exclusive of exhibits. "Without prior Court approval, memoranda, (including objections to a Findings and Recommendation of a Magistrate Judge and responses to such objections) must be 35 pages or less exclusive of exhibits." Local Rule 7-2(b).

Petitioner argues that LR 7.2(b) applies only to memoranda supporting non-discovery motions, not habeas corpus petitions. The court disagrees with petitioner's interpretation of LR 7.2(b). By its own terms, LR 7.2(b) applies to objections and responses to Findings and Recommendations, thus its scope clearly exceeds motions. Litigants are typically limited in their memoranda to either ten pages for memoranda pertaining to discovery motions (LR 26.5(b)), or 35 pages for non-discovery memoranda   The court

5 - OPINION AND ORDER

therefore concludes that petitioner's Memorandum is overlength without prior court approval.

In the alternative, petitioner seeks leave to file an oversize brief in the court. The court grants this request in this case but advises counsel that, in the future, such requests must be made prior to the memorandum's deadline and must contain a copy of the proposed overlength memorandum to be filed.

### III. Unargued Claims

Respondent asserts that petitioner has not provided argument in support of Grounds 3.7 and 3.8 wherein he alleges that defense counsel failed to prepare an alibi defense and failed to utilize exculpatory statements from the victims. The court views these allegations as supported by briefing with respect to petitioner's claim that counsel failed to investigate and call essential witnesses to support his innocence. As a result, the court declines to categorize these as unargued claims.

### IV. Exhaustion and Procedural Default

A petitioner seeking habeas relief must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). A petitioner must have also present his claims in a procedural context in which its merits can be considered. *Castille v. Peoples*, 489

U.S. 346, 351 (1989). The exhaustion doctrine is designed "to avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).

The parties to this action agree that petitioner fairly presented only a single claim to Oregon's state courts: whether trial counsel failed to investigate and call essential witnesses to support his claim of innocence. The remainder of petitioner's claims are procedurally defaulted, but petitioner asks the court to excuse the default because external factors beyond his control prevented him from fairly presenting his claims. Specifically, he contends that Oregon's *Balfour* procedure and his mental and physical impairments created a situation where he was prevented from raising his claims during his PCR appeal.[3]

In order to demonstrate "cause," petitioner must show that some objective factor external to the defense impeded his efforts to fairly present the claim in state court. *Vansickel v. White*, 166

---

[3] The *Balfour* procedure provides that counsel need not ethically withdraw when faced with only frivolous issues. Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal." The defendant may then file the Section B segment of the brief containing any assignments of error he wishes. *State v. Balfour*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

7 - OPINION AND ORDER

F.3d 953, 958 (9th Cir.), *cert. denied*, 528 U.S. 965 (1999); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner meets the "prejudice" standard if he can demonstrate that the errors he complains of undermine confidence in the outcome of his trial. *Vansickel*, 166 F.3d at 958-59.

Petitioner's argument that his mental and physical condition made it impossible for him to present his claims during his PCR appeal is unavailing. First, there is insufficient evidence in the record to prove that he was so challenged that he was unable to write his claims down on a piece of paper with attorney assistance. In addition, the claims petitioner sought to raise were not preserved in the PCR trial court. Respondent's Exhibit 111. Moreover, petitioner had the benefit of appointed counsel to present any non-frivolous issues. Where a litigant enjoys professional representation during a collateral proceeding, and the attorney concludes that the claims eligible for appellate review are frivolous, there is no external, objective factor which impedes the litigant's ability to raise his claims. *See Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988). Petitioner is essentially arguing that his appellate attorney during collateral review was ineffective in assessing the validity of his claims, but this cannot constitute cause since there is no right to counsel in a PCR action. *Smith v. Idaho*, 383 F.3d 934, 939 (9th Cir. 2004). As a result, petitioner

8 - OPINION AND ORDER

fails to excuse the default, and his request for an evidentiary hearing is denied.

///

## V.  The Merits

### A.  Standards

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing

legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

**B.   Analysis**

According to petitioner, trial counsel failed to perform an adequate investigation of the case. Petitioner argues that had counsel done so, the investigation would have disclosed the possibility that any abuse that occurred was perpetrated by another individual.

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). First, petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

10 - OPINION AND ORDER

Second, petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

According to petitioner, evidence exists in the record that the victims lived in a dangerous and unsafe environment. During his PCR trial, petitioner asserted that trial counsel should have investigated two individuals named "Wally" and "Cody". Respondent's Exhibit 115, pp. 7-8. Specifically, petitioner claimed that "Cody" had sexually abused one of the victims in the past in the same manner in which he was accused of abuse. *Id* at 8. He asserts that had trial counsel investigated these witnesses, a jury could have concluded that petitioner was not the perpetrator of the crimes.

The PCR trial court concluded that the evidence was insufficient to support his claim, and "[t]hat, in fact, the record indicates otherwise. . . ." Respondent's Exhibit 117, p. 12. A review of the record reveals that although petitioner testified at

11 - OPINION AND ORDER

his PCR trial that investigation of "Wally" and "Cody" would have been beneficial, he failed to present the PCR trial court with any independent evidence from it could conclude that he suffered prejudice as a result of any failure on counsel's part. *See Horn v. Hill*, 180 Or. App. 139, 148-49, 41 P.3d 1127 (2002) ("Where evidence omitted from a criminal trial is not produced in a post-conviction proceeding . . . its omission cannot be prejudicial"); *see also Dows v. Wood,* 211 F.3d 480, 486-87 (9th Cir. 2000) (petitioner's self-serving affidavit regarding potential testimony of another is insufficient to prove ineffective assistance of counsel). Not only was petitioner unable to present evidence as to how the testimony of these witnesses could have been beneficial to him, but he was also unable to supply the PCR trial court with their full names. Based upon this record, the PCR trial court did not unreasonably apply *Strickland* to the facts of petitioner's case when it denied relief on this claim.

## CONCLUSION

For the reasons identified above, the Second Amended Petition for Writ of Habeas Corpus (#46) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __10__ day of February, 2010.

12 - OPINION AND ORDER

<pre>
                          /s/Michael W. Mosman
                            Michael W. Mosman
                            United States District Judge
</pre>

13 - OPINION AND ORDER